**SO ORDERED.**

**SIGNED this 30 day of December, 2016.**

_____

**David M. Warren**
**United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
NEW BERN DIVISION

IN RE:                                                                         CASE NO. 16-06197-5-DMW

ERIC MICHAEL DIAZ
                                                                                        CHAPTER 13
        DEBTOR

**ORDER DENYING MOTION TO AVOID LIEN**

This matter comes before the court upon the Motion to Avoid Lien of One Main [sic] Financial ("Motion") filed by Eric Michael Diaz ("Debtor") on December 8, 2016.  After a review of the Motion and the case record, the court makes the following findings of fact and conclusions of law:

1.      This matter is a core proceeding pursuant to 28 U.S.C. § 157, and the court has jurisdiction pursuant to 28 U.S.C. §§ 151, 157, and 1334.  The court has the authority to hear this matter pursuant to the General Order of Reference entered August 3, 1984 by the United States District Court for the Eastern District of North Carolina.

2. The Debtor filed a voluntary petition ("Petition") for relief under Chapter 13 of the United States Bankruptcy Code ("Code")[1] on December 1, 2016, and the court appointed Joseph A. Bledsoe III ("Trustee") to administer the case pursuant to § 1302.

3. The Debtor owns a 2013 Ford F-150 ("Vehicle"), and in his Schedule A/B, the Debtor valued the Vehicle at $25,000.00. The Vehicle is encumbered by a first priority lien in favor of Navy Federal Credit Union ("NFCU") and a second priority lien in favor of OneMain Financial ("OneMain"). According to a proof of claim filed by NFCU on December 22, 2016, the amount of NFCU's claim as of the Petition was $32,186.96, and according to the Motion and the Debtor's Schedule D, the value of OneMain's claim as of the Petition was approximately $8,249.00.

4. In the Motion, the Debtor requests the court to avoid OneMain's lien pursuant to § 506(a)(1), because the scheduled value of the Vehicle is less than the amount of NFCU's claim, leaving OneMain's claim wholly unsecured. Section 506(a)(1) reads as follows:

> An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.

11 U.S.C. § 506(a)(1). This subsection dictates the determination of a creditor's secured status based upon the value of its collateral. Nothing in § 506(a)(1) provides for the avoidance of a creditor's lien, and the Motion represents a misunderstanding of the Code, and the court sees this misunderstanding too frequently. To clarify, if a creditor's claim is determined to be wholly

---

[1] References to the Code, 11 U.S.C. § 101 *et seq.*, excluding formal citations, shall be by section number only.

2

unsecured, as the Debtor alleges is the case with OneMain's claim, then that creditor's lien ostensibly securing the claim is automatically void by operation of § 506(d) which provides that "[t]o the extent that a lien secures a claim against the debtor that is not an allowed secured claim, *such lien is void . . . .*" 11 U.S.C. § 506(d) (emphasis added).

5.     The value of the Vehicle and a determination of the secured status of OneMain's claim is properly adjudicated with confirmation of the Debtor's Chapter 13 plan, which is still pending. If the Trustee moves for confirmation of a plan which values the Vehicle at an amount greater than scheduled by the Debtor or allows OneMain with a fully or partially secured claim, then the Debtor may object to confirmation or otherwise request the court to determine the Vehicle's value pursuant to § 506(a)(1); now therefore,

IT IS ORDERED, ADJUDGED, AND DECREED that the Motion be, and hereby is, denied.

**END OF DOCUMENT**